UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GERMAINE A. ELOCK,
 Plaintiff,

vs.                09-1192

CAROLYN TRANCOSO, et. al.,
 Defendants.

## CASE MANAGEMENT AND MERIT REVIEW ORDER

  This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

  The plaintiff, a state prisoner, has filed her complaint pursuant to 42 U.S.C. §1983 claiming her constitutional rights were violated at Dwight Correctional Center. The plaintiff has named four defendants including Warden Carolyn Trancoso, Major Richard Jefferson, Sergeant James Boland and Correctional Officer Timothy Campbell. The plaintiff says the defendants have violated her First Amendment right to the free exercise of her religion.

  The plaintiff says she is Catholic and every week a priest visits her in segregation. The plaintiff says she is able to receive the Holy Eucharist from the priest and he provides her with prayer books and other religious literature.

  The plaintiff says Defendant Campbell conducted a search of her cell on May 22, 2009, and threw away two of her prayer books. The plaintiff says prayer books are not contraband and she is "unable to freely practice my religion." (Comp, p. 5) The plaintiff also says the officer intentionally left the prayer books off the list of items taken from her cell.

  The plaintiff says she tried to tell Warden Trancoso about the problem, but the Warden said she did not respond to inmates who yell out of their windows. The plaintiff says she also tried to tell Major Jefferson as he was walking through the unit, but he kept on walking and ignored her. The plaintiff says when she told Defendant Boland that her prayer books had been thrown out, he yelled at her that he was an atheist and did not care. He also told the plaintiff he was tired of her telling the officers what to do. The plaintiff says the officer threatened to attack her if she did not shut up.

It is doubtful the plaintiff could demonstrate a violation of her constitutional rights. In order for the plaintiffs to succeed on a claim that she was denied the free exercise of her religion, the plaintiff must first show: (1) that she espouse a *bona fide* religion, (2) that her beliefs were sincerely held, and (3) that the activity she wished to perform was essential to the practice of her religion. *Wisconsin v. Yoder*, 406 U.S. 205 (1972). From the facts in the complaint, the plaintiff alleges she was given prayer books every week, but only two were taken. She also alleges she is able to see a priest once a week. It is doubtful the plaintiff could establish that the two prayer books were essential to the practice of her religion. In addition, yelling out a window or down a corridor is not sufficient to put a defendant on notice of her complaint. Nonetheless, the court does not have to consider whether the plaintiff has stated claim upon which relief can be granted, because she has failed to pass the initial threshold for filing a lawsuit.

Pursuant to 42 U.S.C.§1997e(a), an inmate complaining about the conditions of her confinement must exhaust her administrative remedies **BEFORE** she files a lawsuit. Failure to exhaust is ground for summary dismissal of the complaint. *See Porter v. Nussle,* 534 U.S. 516, 524 (2002); *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002); *Ester v Principi,* 250 F.3d 1068, 1071 (7th Cir. 2001). Failure to exhaust is an affirmative defense. *See Jones v Bock,* 549 U.S. 199 (2007). However, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002).

The plaintiff says her prayer books were taken on May 22, 2009. She filed this complaint on May 28, 2009. It is clear from the face of the complaint that the plaintiff did not have time to file a grievance, receive a reply and appeal that grievance to the Administrative Review board. The plaintiff must complete the grievance process before filing a lawsuit. *See* 20 Ill. Admin. Code 504.800. Therefore, the court must dismiss the plaintiff's complaint for failure to exhaust administrative remedies as required.

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to exhaust administrative remedies as required by 42 U.S.C.§1997e(a). All pending motions are denied as moot [d/e 2], and this case is closed, with the parties to bear their own costs.;**

2) **The plaintiff must still pay the full docketing fee of $350.00 even though her case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the**

       **current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4)    **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5)    **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6)    **If the plaintiff wishes to appeal this dismissal, she may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, she will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

       Entered this 15th day of June, 2009.

       s\Harold A. Baker
       _____
       HAROLD A. BAKER
       UNITED STATES DISTRICT JUDGE